UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID HALL CRUM,                       )
                                       )
        Petitioner,                    )
                                       )
v.                                     )   Civil Action No. 09-242 (CKK)
                                       )
UNITED STATES OF AMERICA *et al.*,     )
                                       )
        Respondents.                   )

## MEMORANDUM OPINION

Petitioner David Hall Crum, proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus contending that his criminal sentences have expired and that he is being detained illegally. The federal respondents[1] have filed an opposition to the petition, and the petitioner has filed a response and a supplemental response. Because the petitioner's claims lack merit, the petition will be denied and the case will be dismissed.

The record before the Court shows that Crum was sentenced on February 11, 1976 under the Federal Youth Corrections Act to nine years' incarceration. *See* Federal Respondents' Opposition to Petition for a Writ of Habeas Corpus ("Opp'n") at 1-2 & Att. 2. While on parole in 1977 from that sentence, he picked up charges for burglary and larceny, for which he was sentenced to 10 to 31 years of incarceration, and his parole was revoked. *Id.* at 2 & Atts. 3, 4. In 1978, Crum escaped from custody, was captured, and ultimately convicted and sentenced to a one-year term of incarceration for the escape. *Id.* at 2 & Att. 6. Crum was paroled in 1979 from his Youth Correction Act sentence to begin serving his term of 10 to 31 years' incarceration for

---

[1] The petition also identifies the District of Columbia as a respondent. Because the District of Columbia has no authority over the Bureau of Prisons or the United States Parole Commission, it defers to the response of the federal respondents.

the 1977 burglary and larceny. Paroled in late 1991, Crum's parole was revoked in 1992 and he was charged with another burglary and theft, for which he was sentenced to serve 3 to 9 years of incarceration. *Id.* at 3 & Atts. 16, 17. Crum was again paroled in 1996, revoked in 1997, paroled in 1998, picked up on a parole violator warrant in 1999, and revoked in 2000. *Id.* at 4. In 2001, Crum escaped again, only to be arrested and charged with another burglary. He was sentenced to three years' incarceration and three years' supervised release on the 2001 burglary charge, *id.* at 5 & Att. 28, and to 100 days' incarceration on the 2001 escape charge. *Id.* & Att. 29. All sentences imposed on Crum were expressly designated to run consecutively to any other sentence. *See id.* at 2-5 & Atts. 3, 4, 6, 17, 28, 29. Crum was paroled earlier this year from his incarceration pursuant to his 2001 charges, and is now serving time on parole pursuant to his earliest adult sentence, the 10 to 31 years for burglary and larceny. *Id.* at 5. The federal respondents calculate that — absent subsequent revocations — Crum will be under sentence until June 12, 2021. *Id.* at 5-6.

Crum contends that his "sentences . . . legally expired in early 2000, and [he] should have been released by the Bureau of Prisons in 2004." Pet. at 3 (capitalization altered). In his supplemental response to the federal respondents' opposition, he explains his position further by stating that with "the proper calculations, [he] should have been released in the year 2004, because the . . . convictions of 1978 and 1993 [for the 1977 and 1992 burglaries and thefts] . . . should have expired prior to the closing of the Lorton complex . . . [in November 2001]." Pl.'s Response to Order of the Court ("Suppl. Resp.") at 4 (capitalization altered). Presumably, Crum thinks that his sentence on the 2001 burglary charge to three years of incarceration followed by three years of supervised release would have been completed in 2004.

Crum is mistaken in his calculations. It is indisputable that a sentence of 10 to 31 years — which was imposed in 1978 and which Crum did not begin to serve until 1979 — could not possibly expire by 2000 or 2001. Moreover, as the federal respondents have correctly explained in their opposition, District of Columbia law mandates that the days a prisoner spends on parole that is eventually revoked do not count toward the fulfillment of a sentence of incarceration. *See* D.C. Code §24-406(a); Opp'n at 12.[2] Similarly, and even more obviously, days spent as an escapee do not count toward the fulfillment of the sentence of incarceration.

To the extent that Crum argues that his good conduct credits were not properly applied, his complaint misses the point. As the federal respondents have correctly explained, good conduct credits do not operate to decrease a sentence of incarceration; good conduct credits affect only the date that a prisoner may be considered for discretionary parole and the date a prisoner must be released on mandatory parole. Opp'n at 7 (citing D.C. Code § 24-201.29). Furthermore, good conduct credits evaporate once parole is granted, and begin anew from zero when a prisoner's parole is revoked. *Id.* at 7-8.

Crum also vaguely refers to the ex post facto clause and to a misapplication of current law to his old offenses. *See* Suppl. Resp. at 4. The federal respondents, however, appear to correctly apply the laws that were in effect at the time Crum's various sentences were imposed. *See id.* at 7 n. 18. Crum offers no specifics, and the Court finds no error in the federal respondents' position.

---

[2] D. C. Code §24-406 was amended effective May 20, 2009 to allow days spent on parole to be counted toward fulfillment of the sentence of incarceration under certain defined circumstances. *See* D. C. Code §24-406(c) & (d). This amendment is expressly not retroactive, and therefore does not affect the federal respondents' calculations of the expiration date of Crum's consecutive sentences.

Considering the entire record, Crum has not offered any facts to support his contention that his sentences have already expired, or that the sentences imposed on him in the 1970s had expired by the end of 2000 or 2001 and that he should have been released in 2004, or that he has been detained without authorization in any way.  In contrast, the federal respondents have documented their calculations and the Court finds no error in them.  Accordingly, the petition for a writ of habeas corpus will be denied and the case dismissed.  A separate order accompanies this memorandum opinion.

Date:  November 20, 2009

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge